```
IN THE UNITED STATES DISTRICT COURT FOR THE
              EASTERN DISTRICT OF OKLAHOMA
```

```
DEBORAH KAY GILSTRAP,           )
                                )
           Plaintiff,           )
                                )
v.                              )   Case No. CIV-14-435-JHP-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
           Defendant.           )
```

## REPORT AND RECOMMENDATION

Plaintiff Deborah Kay Gilstrap (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 27, 1971 and was 41 years old at the time of the ALJ's decision. Claimant completed her high school education and earned an associate's degree. Claimant has worked in the past as an account property officer, movie theater manager, casino cashier, and administrative assistant. Claimant alleges an inability to work beginning January 1, 2010 due to limitations

3

resulting from type II diabetes, diabetic neuropathy, supraventricular tachycardia, high blood pressure, morbid obesity, osteoarthritis, degenerative disc disease, depression, irritable bowel syndrome, and COPD.

**Procedural History**

On October 28, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Kim D. Parrish ("ALJ") on January 30, 2013 with the ALJ presiding in Oklahoma City, Oklahoma and Claimant appearing by video in Ardmore, Oklahoma. The ALJ issued an unfavorable decision on February 12, 2013. On July 11, 2014, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant

4

work. He also determined Claimant could perform light work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinion of Claimant's treating physician; and (2) refusing to consider a closed period of disability.

**Consideration of the Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of supraventricular tachycardia, hypertension, obesity, degenerative joint disease, type II diabetes mellitus, and chronic obstructive pulmonary disease ("COPD"). (Tr. 25). After consultation with a vocational expert, the ALJ concluded that Claimant retained the RFC to perform her past relevant work as an account property officer, auditor of medical charts, movie theater store manager, casino cashier, and as an administrative assistant. (Tr. 35). The ALJ also determined Claimant retained the RFC to perform light work except she should have no exposure to smoke or fumes and she should not operate dangerous machinery or vehicles. (Tr. 27). As a result, the ALJ concluded Claimant was not disabled from January 1, 2010 through the date of the decision. (Tr. 35).

Claimant contends that the ALJ failed to properly evaluate the opinion of her treating physician, Dr. Vivek Khetpal. Dr. Khetpal authored a medical source statement dated January 22, 2013.

(Plaintiff's Brief filed April 14, 2015 (Docket Entry #17), Attachment 1). He opined that Claimant could sit for four hours, stand for two hours, and walk for one to two hours in an eight hour workday. He stated Claimant could not work an eight hour day. He estimated Claimant could lift 10-20 pounds. Id.

The ALJ statement regarding Dr. Khetpal's opinion consisted entirely of the following:

> As for the opinion evidence, the claimant has not had any substantiated permanent limitations or restriction placed on her ability to perform basic work activities by any treating or examining physicians. At one time Dr. Khetpal gave the claimant a less the sedentary residual functional capacity but this is not supported with the overall medical evidence. The claimant has improved since bariatric surgery, but she still has not followed up and has not always been compliant with medications and treatment.

(Tr. 34).

The ALJ is required to give Dr. Khetpal's opinion controlling weight, unless circumstances justify giving it a lesser weight. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory

diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be

7

"sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's decision contains no information regarding the weight he afforded Dr. Khetpal's opinion as a treating physician. Defendant provides in her briefing several references to records which would allegedly justify a reduced weight applied to the opinion. Unfortunately, the ALJ did not provide an equal level of detail in his decision and the ALJ must make the findings in his decision. Franz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007). On remand, the ALJ shall consider Dr. Khetpal's opinion and describe the weight he is attributing to it. He should also specifically reference the evidence in the medical record which justifies the application of a reduced weight.

**Consideration of a Closed Period of Disability**

Claimant also asserts the ALJ should have considered a closed period of disability given Claimant's change in condition. By his own admission, Claimant's impairments and functional ability improved with bariatric surgery. On remand, he should consider

whether a closed period of disability between the date of onset and the surgery is justified, in particular after reconsidering Dr. Khetpal's opinion.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and REMANDED** for further proceedings.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE