**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DEBORAH KAY GILSTRAP,            )
                                 )
            Plaintiff,           )
                                 )
v.                               ) Case No. CIV-14-435-JHP-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Claimant's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #24). By Order entered July 7, 2016, United States District Judge James Payne who presides over this case referred the subject Motion to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered March 29, 2016, Judge Payne reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 29.10 hours of time expended by her attorney at the stipulated fee rate and 6.00 hours for counsel's paralegal for a total request of $6,143.00 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ adequately discussed the reduced weight provided to the opinion of the treating physician, Dr. Vivek Khetpal. As this Court stated in the original opinion, the ALJ, in fact, failed to state the weight he gave to the opinion let alone proceed through the controlling weight analysis under the Watkins v. Barnhart, 350 F.3d 1297 (10th Cir. 2003) case. Further, consideration of a

closed period was warranted by Claimant's improvement in his condition post-surgery.  Again, this consideration was apparent in the record and the failure to perform this analysis was without substantial justification.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Claimant's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #24) be **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $6,143.00.

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel.  Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b).  In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

IT IS SO ORDERED this  21st day of November, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE